

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

July 30, 2018

By ECF

The Honorable Marilyn D. Go
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Moayad Heider Mohammad Aldairi
     Magistrate Docket No. 18-693

Dear Judge Go:

   The government respectfully submits this letter, in advance of a detention hearing scheduled this afternoon at 2:00 p.m. with respect to defendant Moayad Heider Mohammad ALDAIRI, to request that the Court order that the defendant continue to be detained because he presents a flight risk and significant danger to the community.

   On July 28, 2018, the defendant was arrested pursuant to a complaint charging the defendant with Conspiracy to Bring an Alien to the United States for Financial Gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), 1324 (a)(1)(A)(i), and 1324(a)(1)(B)(i).

I.  The Charged Offenses

   From on or about July 1, 2017 to December 12, 2017, Moayad Heider Mohammad ALDAIRI, a citizen of Jordan and resident of Mexico, conspired with others to smuggle Special Interest Aliens (SIAs) into the United States from Mexico. Between October 31, 2017 and December 12, 2017, six citizens of Yemen crossed illegally into the United States from Mexico through Eagle Pass, TX. The Homeland Security Investigations ("HSI") interviews with the six detained Yemenis revealed that each of them paid ALDAIRI varying amounts to be smuggled into the United States from Mexico. All six Yemenis positively identified ALDAIRI from a photo array as the person who smuggled them into the United States from Mexico.

II.   Legal Standard

The Bail Reform Act of 1984, codified at 18 U.S.C. §§ 3141-3156, "requires that an accused be detained pending trial where, following a hearing in accordance with § 3142(f), 'the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" United States v. English, 629 F.3d 311, 318 (2d Cir. 2011) (quoting 18 U.S.C. § 3142(e)(1)). Generally, the government bears the burden of persuading the court by a preponderance of the evidence that the defendant is a flight risk or by clear and convincing evidence that the defendant is a danger to the community. United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001).

The government may proceed by proffer to establish facts relevant to a detention determination. United States v. Ferranti, 66 F.3d 540, 541 (2d Cir. 1995). Furthermore, "[t]he rules of evidence do not apply in a detention hearing." Id. at 542. As the Second Circuit has explained:

> [I]n the pre-trial context, few detention hearings involve live testimony or cross examination. Most proceed on proffers. See United States v. LaFontaine, 210 F.3d 125, 131 (2d Cir. 2000). This is because bail hearings are "typically informal affairs, not substitutes for trial or discovery." United States v. Acevedo-Ramos, 755 F.2d 203, 206 (1st Cir. 1985) (Breyer, J.) (quoted approvingly in LaFontaine, 210 F.3d at 131). Indeed, § 3142(f)(2)(B) expressly states that the Federal Rules of Evidence do not apply at bail hearings; thus, courts often base detention decisions on hearsay evidence. Id.

United States v. Abuhamra, 389 F.3d 309, 320 n.7 (2d Cir. 2004).

Whether detention is sought on the basis of flight or dangerousness, the Bail Reform Act lists four factors to be considered in the detention analysis: (1) the nature and circumstances of the crimes charged, including whether the offense is a crime of violence, (2) the history and characteristics of the defendant, (3) the seriousness of the danger posed by the defendant's release and (4) the weight of the evidence against the defendant. See 18 U.S.C. § 3142(g). Specifically, in evaluating dangerousness, courts consider not only the effect of a defendant's release on the safety of identifiable individuals, such as victims and witnesses, but also "'the danger that the defendant might engage in criminal activity to the detriment of the community.'" United States v. Millan, 4 F.3d 1038, 1048 (2d Cir. 1993) (quoting legislative history).

III.   Argument

The defendant presents a risk of flight and a substantial danger to the community, and should therefore remain in pretrial detention. His conduct demonstrates that there is no condition or combination of conditions that can reasonably assure the safety of the community.

The defendant is a citizen of Jordan and a resident of Monterrey, Mexico, with no status to legally enter or remain in the United States.[1] In his fifteenth effort to secure a visa to enter the United States, the defendant told employees at the United States Embassy in Jordan that he had a wife who was a United States citizen and he wished to travel to her. With a criminal complaint outstanding in the Western District of Texas, the defendant was permitted to begin the journey from Jordan to the United States and was apprehended upon arrival at the Point of Entry. Upon his apprehension, the defendant was given his Miranda warnings, and, contrary to his previous statement, he indicated that he did not have a wife who was a United States citizen residing in the United States.

The criminal complaint accuses the defendant of bringing six SIAs from Yemen to the United States. All six Yemeni aliens have independently identified the defendant from a photo array as the person who smuggled them to the United States, and one of those aliens took a cell phone video in which the defendant can be seen explaining his alien smuggling methods to several members of the group. During his post-arrest interview, the defendant was shown pictures of the six Yemeni aliens who had previously identified him, and he denied knowing who they were. The defendant was then shown the video, and while he acknowledged that he was the individual seen speaking with the aliens for more than twenty minutes, he continued to deny knowing the aliens or bringing them to the United States.

The complaint alleges the defendant conspired to bring aliens to the United States. However, if the defendant faces substantive charges of bringing six aliens to the United States, he would face a mandatory minimum penalty of 60 months' incarceration. Based on the strength of this case, the defendant's status in the United States, his repeated deceitful conduct, and the period of incarceration that he may face, the defendant poses a strong flight risk.

The defendant also presents substantial danger to the community. While outside the United States, the defendant brought at least six aliens from a country whose unvetted nationals potentially present grave security risks wherever they reside. The defendant's activities presented a national security risk when he was in Mexico. If he is released and is able to operate from inside the United States, the inherent risk to security could increase dramatically.

The defendant poses both a risk of flight and a danger to the community. Each of the factors at issue in the detention analysis weighs in favor to detaining the defendant pending resolution of the charges against him.

---

[1] An immigration detainer was lodged on July 29, 2018.

3

IV.     Conclusion

For the reasons set forth above, the government respectfully submits that no condition or combination of conditions will assure the defendant's return to court or the safety of the community and therefore requests that the court order that the defendant be detained pending trial.

Respectfully submitted,

BRIAN A. BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

James Hepburn
PA Bar No.: 200051
Trial Attorney
Human Rights and Special Prosecutions
Criminal Division
U.S. Department of Justice
1301 New York Ave., NW, Suite 200
Washington, DC 20530
202-307-2908
james.hepburn2@usdoj.gov

cc:     Clerk of the Court (by ECF)

4

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiffs ) | |
| ) | Case No. 18 m 693 |
| v. ) | |
| ) | |
| MOAYAD HIEDER MOHAMMAD ALDAIRI ) | |
| Defendant ) | |

### NOTICE OF APPEARANCE

Pursuant to Local Rule 1.3, the undersign counsel requests that the Court enter my appearance as counsel for the United States of America. I hereby affirm that:

(1) I have read and agree to abide by the Local Rules of the United States District Court for the Eastern and Southern District of New York; and

(2) I am a member in good standing of the Pennsylvania State Bar.

Respectfully Submitted,

BRIAN A. BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

_____
James Hepburn
PA Bar No.: 200051
Trial Attorney
Human Rights and Special Prosecutions
Criminal Division
U.S. Department of Justice
1301 New York Ave., NW, Suite 200
Washington, DC 20530
202-307-2908
james.hepburn2@usdoj.gov